**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSIE JOE TOSTENRUDE,<br><br>Defendant. | NO. CR09-183-RSM<br><br>SUMMARY REPORT OF<br>U.S. MAGISTRATE JUDGE AS<br>TO ALLEGED VIOLATIONS<br>OF SUPERVISED RELEASE |

An evidentiary hearing on a petition for violation of supervised release was held before the undersigned Magistrate Judge on March 24, 2010.  The United States was represented by Assistant United States Attorney Sarah Vogel and the defendant by Jesse Cantor.  The proceedings were digitally recorded.

The defendant had been charged and convicted of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841 (b)(1)(C), and Possession of Marijuana With Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), and 841 (b)(1)(D).  On or about January 15, 2010, defendant was sentenced by the Honorable Ricardo S. Martinez to a term of time served, to be followed by three (e) years of supervised release.

The conditions of supervised release included the requirements that the defendant comply with all local, state, and federal laws, and with the standard conditions.  Special conditions imposed included, but were not limited to, participation in substance abuse and

mental health programs, financial disclosure, submit to search, and participate in the location monitoring program for 180 days.

In a Petition for Warrant or Summons, dated February 9, 2010, U.S. Probation Officer Jonathan M. Ishii asserted the following violations by defendant of the conditions of his supervised release:

1) Failing to comply with the location monitoring program on or about February 6, 2010, in violation of the special condition requiring he comply with conditions of the Home confinement Program for a period of 6 months and remain at his residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of the electronic monitoring services, or a portion if deemed appropriate by the probation officer.

2) Committing the crime of domestic violence, on or about February 6, 2010, in violation of the general condition to not commit another federal, state, or local crime.

3) Consuming alcohol, on or about February 6, 2010, in violation of the special condition of supervised release.

On February 11, 2010, defendant made his initial appearance. The defendant was advised of the allegations and advised of his rights. On March 24, 2010, defendant appeared for an evidentiary hearing on the alleged violations. The parties agreed that the hearing would be based solely upon the written record, consisting of submitted facts, Dkt. No. 257, government exhibits 1-43, a CD containing a 911 phone call, and the government's supplemental materials, Dkt. No. 259. The Court then heard argument from the parties.

Based on the record submitted and argument of counsel, I recommend that the Court find that the defendant has violated the terms of his supervised release as alleged in the petition. The evidence demonstrates that defendant was consuming alcohol on February 6,

2010 as alleged in violation no. 3.  See, Ex. 31.  Moreover, the victim told police they had been drinking and police reported smelling alcohol on the defendant's breath.  Consumption of alcohol is also a violation of the regulations involving the home confinement and electronic monitoring program.  See Dkt. 259,-2, p.2, thereby proving violation no. 1.  The record also consists of a number of photos of a bloody victim, demonstrating that defendant committed the violation number 2 of committing the crime of domestic violence.  See, exs. 9, 18-35.  Moreover, to escape from the defendant, the victim had to flee her residence half-naked to call for assistance.  Ex. 43.

I therefore recommend that the Court find the defendant to have violated the terms and conditions of his supervised release as to violations 1, 2 and 3, and that the Court conduct a hearing limited to disposition.  A disposition hearing on these violations has been set before the Honorable Ricardo S. Martinez on April 9, 2010 at 11:00 a.m.

Pending a final determination by the Court, the defendant has been detained.

DATED this 26th day of March, 2010.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

cc: District Judge:        Honorable Ricardo S. Martinez
    AUSA:                  Sarah Vogel
    Defendant's attorney:  Jesse Cantor
    Probation officer:     Jonathan M. Ishii